# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**RONALD EDMONDSON,** *et al.***,**
    Plaintiffs,

v.

**CITY OF BOAZ,** *et al.***,**
    Defendants.

Case No. 4:23-cv-1498-CLM

## ORDER

    This case involves a city zoning dispute. Ronald and Shirley Edmondson (collectively, "Edmondsons") live in a residential neighborhood in Boaz. They are fighting to stop the City of Boaz, Alabama ("City") from re-zoning the property beside and behind their home for commercial development. The Edmondsons prevailed before the City Planning Commission but lost before the City Council. The Edmondsons believe the council violated Alabama law when it re-zoned the property, so they took their fight to court—***state*** court.

    In their Complaint, the Edmondsons mentioned violations of the Due Process and Equal Protection Clauses of the Alabama and United States Constitutions, in addition to Alabama statutes. (Doc. 1-1). Seizing on the mention of the federal Constitution, the City cited federal question jurisdiction to remove the case to this court, then promptly asked the court to dismiss it as a shotgun pleading. (Doc. 5).

    The Edmondsons want their case sent back to state court. (Doc. 10). They claim they did not raise a federal question, nor did they mean to. And if they did, the Edmondsons ask the court to allow them to remove the federal claim, so the case can return to state court.

    For the reasons explained within, the court agrees that it does not have federal question jurisdiction over the Edmonson's original Complaint. So the

court **GRANTS** their Motion to Remand (doc. 10), and **DENIES as MOOT** the City's Motion to Dismiss, (doc. 5).

## BACKGROUND

The court takes these facts from the Edmonson's Complaint and assumes they are true. Fed. R. Civ. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

### 1. Hospital Heights Extension & the Planning Commission

The Hospital Heights Extension Subdivision was established and zoned R-1 "Low Density Residential" in 1956, and it remained residential under the City's 2010 Comprehensive Land Use Plan. The Edmondsons live on Lot 10. Every other developed lot in Hospital Heights is residential as well.

This case involves Lots 11 and 12, which are unimproved lots owned by Mark Turk ("Turk"). In January 2023, Turk asked the City Planning Commission to re-zone Lots 11 and 12 from R-1 residential to B-2 "community commercial." After a public meeting where Turk argued for the re-zoning, and six other citizens argued against it, the Planning Commission unanimously voted against Turk's re-zoning request.

The Edmondsons say that, under Boaz rules and regulations, there was no process to appeal this decision to the City Council, and Turk had to wait a year to re-petition the Planning Commission. At least, that *was* the rule before the City changed it.

### 2. Ordinance No. 2023-1176 & the City Council

Turk asked the City to pass an ordinance that allowed the City Council to promptly review unfavorable re-zoning requests. The City did when it passed Ordinance No. 2023-1176.

Turk then used the new ordinance to appeal the Planning Commission's denial. The City promptly added Turk's appeal to its agenda, before bumping the issue twice—because of lack of notice the first time, then lack of quorum

the second time. Finally, the Council heard the issue on September 25, 2023 during a hearing that the Edmondsons say violated the council's own rules. The Council voted for Turk's appeal and re-zoned Lots 11 and 12 B-2 commercial.

### 3. The lawsuit

The Edmondsons sued the City and Turk in the Circuit Court of Marshall County. Their Complaint lists a host of state law and city ordinance violations in the "General Facts" section. (Doc. 1 at ¶¶ 1-24).

The Complaint then alleges five counts, none of which is named or cites a provision of law in the title. Those counts plead (in order):

> **Count I**: The City and City Council's decision to adopt the September 25, 2023 Ordinance was arbitrary and capricious; constituted an abuse of discretion; and had no substantial and reasonable relationship to the promotion of the public, health, safety, morals, or general welfare of the community. (*See* Doc. 1-1 at ¶¶ 25-27). Specifically, the decision of the Council failed to take into consideration: (i) the Planning Commission's February 2, 2023 reasons for opposing the reasoning; (ii) failed to observe traditional zoning concepts; or (iii) the City's general zoning plan, including the Comprehensive Land Use Plan's scheme. (*See* Doc. 1-1 at ¶ 22). The Edmondsons add that "the proposed development would constitute a nuisance and destroy the nature and character of the subdivision." (*See* Doc. 1-1 at ¶¶ 24).

> **Count II**: The City and City Council's actions were discriminatory and violative of equal protection and substantive due process guaranteed by the Alabama and United States Constitutions. (*See* Doc. 1-1 at ¶¶ 28-29 (emphasis added)). The Edmondsons note that "[t]he City failed to give adequate and proper notice to the residents affected and the general public and failed to give consideration to the issues brought forth by residents which were the basis of the denial by the Planning Commission." (*See* Doc. 1-1 at ¶ 22).

**Count III**: The City, City Council, and Turk acted in violation of applicable statutory, regulatory and the common laws of the state of Alabama. (*See* Doc. 1-1 at ¶¶ 30-31). The Edmondsons specify that the rezoning into the residential neighborhood amounts to "spot zoning"—when a piece of property or groups of property have special zoning laws applied to them that differ from the zoning laws surrounding them—which is disallowed and improper under Alabama law. (*See* Doc. 1-1 at ¶ 22).

**Count IV**: The City, City Council, and Turk's conduct violates procedural due process and equal protection guarantees under the applicable statutory law, regulatory law, enabling law, the Alabama and U.S. Constitution and Appellate Courts' interpretation and application of the same. (*See* Doc. 1-1 at ¶¶ 32-33 (emphasis added)). The Edmondsons highlight that "the City failed to follow Alabama law related to notice, publication, posting and adoption of the Ordinances at issue, failed to follow its own meeting procedure and Alabama law." (*See* Doc. 1-1 at ¶ 23).

**Count V**: The City, City Council, and Turk engaged in a civil conspiracy by scheming, planning, designing, and amending the zoning ordinance of Boaz for an unlawful and inappropriate purpose. (*See* Doc. 1-1 at ¶¶ 34-37).

As you can see, most of the allegations point to state law and city ordinances or regulations. But as highlighted, the Edmondsons also mention equal protection, procedural due process, and substantive due process under the federal Constitution.

The City (with Turk's consent) cited these mentions of federal law to remove the case to this court under 28 U.S.C. § 1331, which confers jurisdiction over cases that arise under the federal Constitution or statutory laws. (Doc. 1). Six days later, the City moved to dismiss the case under the federal rules that prohibit shotgun pleadings. (Doc. 5).

The Edmondsons seek remand. (Doc. 10). They argue that their complaint is "really nothing more than a work-a-day lawsuit involving state

4

court claims that a municipality failed to adopt an ordinance correctly." (Doc. 14 at 9). Specifically, they say that the City violated Section 11-52-77 of the Code of Alabama, which sets out the procedure for municipalities to pass ordinances. The Edmondsons say that "the mere inclusion of the phrase 'due process violations'" is not enough to invoke federal question jurisdiction. (Doc. 14 at 8 n.3). But if it is, the Edmondsons ask the court to allow them to amend their Complaint to remove the phrase—thereby removing any doubt that this case arises exclusively under state and local law. (Doc. 14 at 8 n.3).

## STANDARD OF REVIEW

### A. 28 U.S.C. § 1446

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, this court must have subject matter jurisdiction over this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). And the court must resolve any doubts about removal in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

### B. Federal Rule of Civil Procedure 12(b)(6)

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when

the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

Because the Edmondsons' Motion to Remand challenges the court's jurisdiction, the court starts by addressing it.

### 1. The Edmondsons' Motion to Remand

A case arises under federal law in two ways. *See Gunn v. Minton*, 568 U.S. 251, 257 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citation omitted). Second, "where a claim finds its origins in state rather than federal law . . . [the Supreme Court] has identified a special and small category of cases in which arising under jurisdiction still lies." *Id.* at 258 (alterations added; internal quotation marks and citation omitted). In establishing the "contours of this slim category," the Supreme Court has set out a four-element inquiry, each element of which needs to be established before conferring federal question jurisdiction. *Id.* Federal jurisdiction over a state-law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

While the Edmondsons' case finds it origin in state and local law (*i.e.*, the second category), the City argues the first category—*i.e.,* that the face of Edmondsons' Complaint raises federal questions, and their right to relief hinges on the proper construction and application of the Fourteenth Amendment. So the court starts there.

#### A. Whether Federal or State Law Creates the Cause of Action

The City argues that federal law created the Edmondsons' case for two reasons: (1) "the [C]omplaint, on its face, explicitly bases two of [the Edmondsons]' five causes of action on purported violations of the Fourteenth Amendment to the United States Constitution," (doc. 13 at 5); and (2) their case involves constitutionally protected property interests.

It's true that Count II and Count III *mention* the U.S. Constitution in the same breath as the Alabama constitution:

> Count II: "The actions by the City and its Council were discriminatory and violative of equal protection and substantive due process guaranteed by the Alabama and United States Constitutions." (Doc. 1-1 at ¶ 29 (emphasis added)).

> Count III: "[The City, City Council, and Turk's] conduct violates procedural due process and equal protection guarantees under the applicable statutory law, regulatory law, enabling law, the Alabama and U.S. Constitution and Appellate Courts' interpretation and application of the same." (Doc. 1-1 at ¶ 33 (emphasis added)).

But a plain reading of the complaint shows that the Edmondsons' case is based on Section 11, Chapter 52 of the Alabama Code, which governs municipal zoning and control of subdivisions. And their primary complaint is that the City violated the public notice and public meeting requirements of Ala. Code § 11-52-77 when it passed an ordinance that allowed Turk to immediately appeal the Planning Commission's denial to the City Council.

At no point do the Edmondsons plead that they were treated differently because they are members of a protected class, making their mention of the federal Equal Protection Clause nonviable. Nor do they plead what substantive constitutional right the City has violated, making their mention of substantive due process nonviable. And the Edmondsons' complaints about the City's failure to follow rules and procedures are based in *state and local* laws, not federal ones, making a federal procedural due process claim strained at best.

To make the case federal, the City recharacterizes the Edmondsons' property rights claim as a "Takings" claim under the Fifth Amendment. *See Givens v. Ala. Dep't of Corrs.*, 381 F.3d 1064, 1066 (11th Cir. 2004). But the Edmondsons do not allege that the City 'took' their property without payment of just compensation. Instead, they challenge the City Council's decision as being against the public welfare and the state's prohibition on "spot zoning," (*see* doc. 1-1 at ¶¶ 22-23); the City's failure to give adequate and proper notice and deference to residents before implementing the September 25, 2023

Ordinance, (*see* doc. 1-1 at ¶¶ 22-23); and Turk's engagement in a civil conspiracy with the City and the City Council, (*see* doc. 1-1 at ¶¶ 35-37)—all state-law claims.

In short, none of the Edmondsons' claims rise under federal law. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (noting federal courts strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). So the City's primary argument against remand must fail.

## 2. Whether the State-Law Claims Necessarily Depend on Resolution of a Substantial Question of Federal Law

Finding that this case arises under state law doesn't end the injury. The Supreme Court has said that federal question jurisdiction can still exist if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. As explained, this case falls outside the "contours of this slim category." *Id.*

### *a. Whether a federal issue is necessarily raised*

A federal question is "necessarily raised" only if a federal issue is an "essential element" of the plaintiff's state-law claim. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Further, "a claim supported by alternative theories in the complaint may not provide the basis for federal question jurisdiction unless federal law is essential to each of the theories." 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1006 (3d ed. April 2021 Update); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (discussing this rule under the patent jurisdiction statute).

None of the five counts in the Edmondsons' Complaint contain an essential element that hinges on federal law. The City does not point to one, and the Edmondsons expressly disavow their mention of federal law in the same breath as state law, characterizing their case as "really nothing more

8

than a work-a-day lawsuit involving state court claims that a municipality failed to adopt an ordinance correctly." (Doc. 14 at 9). So the City fails to meet the first of four requirements.

### b. Whether a federal issue is substantial

The City also fails to show any federal issues is substantial. The substantiality inquiry asks whether the federal issue is important "to the federal system as a whole." *Gunn*, 568 U.S. at 260. And court look at three factors to make this determination:

> First, a pure question of law is more likely to be a substantial federal question . . . . Second, a question that will control many other cases is more likely to be a substantial federal question . . . . Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question.

*MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013) (alterations added; internal citations omitted).

None of these factors is met. This case does not pose a pure question of federal law. This case will not answer a federal question that would control other cases. And the court sees no federal interest in the outcome of a zoning dispute in a Boaz subdivision. So the City fails this factor.

### c. Whether federal resolution disrupts the federal-state balance

Again, an entire chapter of the Alabama Code controls municipal zoning and subdivisions. *See* Ala. Code. §§ 11-52-1, *et seq*. Federalism dictates that, when possible, this federal court allow state courts to handle state-law disputes. Because it's possible to remand this case back to Marshall County, the court should.

—

In sum, this case arises out of a state-law dispute and presents no pure question of federal law. So this federal court has no business—and no jurisdiction—to decide this case.

**2. The City's Motion to Dismiss**

Because the court grants the Edmondsons' Motion to Remand, (doc. 10), the court will deny as moot the City's Motion to Dismiss, (doc. 5). No statement from the court's opinion should be construed as taking a position on any issue raised in that motion or associated briefing.

## CONCLUSION

For these reasons, the court lacks jurisdiction to hear this case, making the City's removal improper. The court thus **GRANTS** the Edmondsons' Motion to Remand, (doc. 10), and **REMANDS** this case to the Marshall County Circuit Court.

Because the court lacks jurisdiction, the court **DENIES AS MOOT** the City's Motion to Dismiss (Doc. 5).

The court will issue a separate order directing the Clerk of Court to remand this case.

**DONE** and **ORDERED** on June 24, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE